UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SEAN FIGARO,

    Plaintiff,

v.

RENEE MARIE BUMB,

    Defendants.

Civil Action No. 21-13157 (SDW)

OPINION

**WIGENTON**, District Judge:

Currently before the Court is the complaint and application to proceed *in forma pauperis* of Plaintiff Sean Figaro. (ECF No. 1). Because this Court finds that leave to proceed *in forma pauperis* is authorized in this matter, the Court will grant Plaintiff's application. As this Court will grant Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

**I. BACKGROUND**

Plaintiff is a criminal detainee awaiting sentencing on drug charges. (ECF No. 1 at 2). According to his complaint, during a hearing conducted before Judge Bumb in Camden on June 2, 2021, Plaintiff attempted to leave the courtroom as he was unhappy that Judge Bumb was "yelling" at him and "not allowing [him] to speak" despite his acting pro se in his criminal matter. (*Id.* at 5). Judge Bumb then ordered the United States Marshals to stop Plaintiff from leaving before his hearing had concluded, which they did by "grab[bing his] shoulder" and telling him not

1

to move. (*Id.* at 6). Plaintiff further complains that Judge Bumb thereafter continued the proceeding in question longer than he would prefer and that he became afraid because he thought the Marshals were "looking like [they were] going to reach for a weapon." (*Id.*). Plaintiff thus seeks to raise a claim against Judge Bumb based on his distaste for the results of his attempt to prematurely leave proceedings in her court. It is not clear how he believes the judge violated his rights, and it appears that Plaintiff is simply using this complaint as a means of "remov[ing] Judge . . . Bumb" from his criminal case. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether [a] complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

In his complaint in this matter Plaintiff seeks to raise a poorly defined claim against Judge Bumb pursuant to *Bivens v. Six Unknown Named* Agents, 403 U.S. 388 (1971), as he believes that Judge Bumb violated his rights by requiring him to remain for his entire hearing and having the Marshals restrain him from leaving.[1] Even had Plaintiff more clearly identified the nature of the claim he wished to assert or the right he believes was violated, it is clear from Plaintiff's complaint that Judge Bumb is immune from suit in this matter as the actions about which Plaintiff complains occurred during a criminal proceeding in Judge Bumb's courtroom and were undertaken to ensure that Plaintiff, a detained criminal defendant who was in cuffs at the time, did not disrupt proceedings by attempting to leave prematurely. *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judges acting in the performance of their duties are absolutely immune from suit, and will be subject to liability only when they act "in the clear absence of all jurisdiction"); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). Plaintiff's complaint is therefore dismissed with prejudice as the sole named Defendant is clearly entitled to absolute immunity.[2]

---

[1] Because Plaintiff names as a Defendant in this matter a judge of this District, this case was assigned to this Court pursuant to this Court's January 13, 1994 standing order which requires that, in all cases where a judge of this District is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this District than the one in which the named judge sits. Pursuant the standing order, this Court need not recuse if the assigned judge determines the matter to be patently frivolous or if judicial immunity is plainly applicable, but the Court must reassign the matter for transfer outside of this District in the event the matter is neither frivolous nor subject to immunity. Because Judge Bumb is clearly immune from any claim Plaintiff may have in this matter, this Court need not recuse under the standing order.

[2] Even were this not the case, Plaintiff's complaint would still need to be dismissed as he has failed to plead sufficient facts to indicate that Judge Bumb did in any way violate his rights – indeed, his entire complaint appears to be a calculated attempt to remove Judge Bumb from his criminal case merely because Judge Bumb would not let Plaintiff disrupt Court proceedings and asked the Marshals to ensure he did not do so. Plaintiff's hurt feelings do not a constitutional violation make.

**III. CONCLUSION**

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* shall be **GRANTED** and Plaintiff's complaint shall be **DISMISSED WITH PREJUDICE**. An appropriate order follows.

    *s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge